UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANGELA PELOSE,

    Plaintiff,

v.

TARGET CORPORATION and RED BULL NORTH AMERICA, INC.,

    Defendants.

## NOTICE OF REMOVAL

Defendant, RED BULL NORTH AMERICA, INC. (hereinafter "RED BULL" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1. Plaintiff, ANGELA PELOSE ("Plaintiff"), commenced this civil action in the 17th Judicial Circuit Court In And For Broward County, Florida styled ANGELA PELOSE v. TARGET CORPORATION and RED BULL NORTH AMERICA, INC., CASE NO. CACE-21-008820J-L (the "Action"). Attached hereto as part of Exhibit "1" is a copy of said Complaint.

2. RED BULL was served with the Complaint on or about May 5, 2021. Notably, the amount in controversy was not ascertainable from the face of the Complaint. Instead, the

Complaint only claimed that the damages sought were in excess of $15,000.00. Thus, the timeline for removal could not and did not begin with the service the Complaint.

3. While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which RED BULL is alleged to have been negligent because Plaintiff claims she slipped on liquid inside a Target store. Subsequently, Plaintiff alleges a host of legal conclusions centered around a largely undescribed negligent condition and that RED BULL somehow was negligent.

4. Undersigned counsel received a copy of said Complaint on or about May 26, 2021 and advised Plaintiff on or about May 26, 2021 of Defendant's intention to remove this action. Attached hereto as part of Exhibit "2" is Defendant's correspondence to Plaintiff's counsel dated May 26, 2021 providing notice of the intent to remove and the accompanying proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel also prepared a Motion for Extension of Time to Respond to Discovery citing how this case might be removed. Attached hereto as Exhibit "2" is Defendant's Motion for Extension of Time. Undersigned counsel further prepared a proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel.  Attached hereto as part of Exhibit "2" is the proposed Joint Stipulation On Alleged Damages. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiff refused to execute the Joint Stipulation On Alleged Damages.

5. Plaintiff's counsel requested a number of extensions of time to advise as this and his client's decision as to whether or not to sign the stipulation limiting damages. The deadline to respond and sign the stipulation was agreed as Friday, June 11, 2021. Plaintiff has not signed the stipulation or agreed to do so.

6. Defendant seeks removal to the Southern District of Florida, Fort Lauderdale Division, the District in which the action is now pending.

7. If a case stated by the initial pleading is not removable, notice may be filed within thirty (30) days of a paper or pleading from which it may first be ascertained the case is one which is or has become removable. 28 U.S.C. §§ 1441, 1446(b)(3); *see Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL2050912 (M.D. Fla. 2007).

8. This Notice is filed within thirty (30) days of June 8, 2021, the date that RED BULL first received a paper that allowed Defendant to ascertain that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b). The demand letter was sent to Target by Plaintiff pre-suit; however, the Plaintiff never made a demand to RED BULL. Counsel for Target furnished a copy of the demand on or about June 8, 2021. This was the first time RED BULL could reasonably ascertain that the amount in controversy exceeded $75,000.00. See Exhibit 3, Plaintiff's Demand Letter to Target Corporation.

9. Plaintiff has made a demand for $375,000.00 well in excess of the jurisdictional threshold. As per Plaintiff's demand letter and the attached documentation, his alleged medical bills are $61,582.00.

10. In addition the demand letter states that the "medical bills will continue to increase significantly into the future along with the general damages." See Exhibit 3. Thus, the amount in controversy is clearly satisfied.

11. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

12. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 17th Judicial Circuit Court In And For Broward County, Florida as required by law.

13. Attached hereto as Exhibit "4" to this Notice are all true and legible copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

14. Defendant, TARGET CORP., consents to the removal of the action.

15. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

16. Plaintiff is a citizen and resident of Florida. RED BULL is a California corporation with its principal place of business located at 1740 Stewart Street Santa Monica, CA 90404. Codefendant, TARGET CORP. is an Minnesota corporation with its principal place of business located at 1000 Nicollet Mall Minneapolis, MN 55403. Defendants are therefore a citizens of the States of California and Minnesota for purposes of diversity jurisdiction.

17. Accordingly, there is complete diversity of citizenship between the actual and real parties and the requirements of 28 U.S.C. § 1441(b) have been met since Defendants are not citizens of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction based upon diversity of citizenship.

### III. CONCLUSION

This Notice was filed within thirty (30) days of when the Defendant could first ascertain the amount in controversy exceeded the jurisdictional limit. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida and Defendants are citizens of California and Illinois respectively. Accordingly,

Defendant respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq*., 28 U.S.C. § 1441, *et seq*, and 28 U.S.C. § 1446, *et seq.*

Respectfully submitted,

/s/ Gerard Di Popolo
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

Gerard Di Popolo
Fla. Bar No. 117677
Email: gdipopolo@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Gerard Di Popolo
Gerard Di Popolo

## SERVICE LIST

CASE NO. CACE21008820

Daniel Drazen, Esq.
The Injury Firm
1608 E. Commericial Blvd.
Fort Lauderdale, FL 33334
E-Mail: eservice2@flinjuryfirm.com
Telephone: (954) 951-0000
Facsimile: (954) 951-1000
Attorney for Angela Pelose